IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL HILL,

                                                    OPINION AND ORDER

                Petitioner,

                                                    10-cv-65-bbc

    v.

C. HOLINKA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Michael Hill pleaded guilty in 1999 to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), use of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c) and felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He received a sentence of 276 months, 216 months for the possession offenses and a 60-month consecutive sentence for using a firearm. His sentence was enhanced because he was found to be both a career offender and an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. §§ 4B1.1 and 4B1.4 because he had three previous convictions for violent felonies. In his petition for a writ of habeas corpus under 28 U.S.C. § 2241, petitioner contends that the enhancement is unlawful because two of his three felonies were for aggravated battery in Illinois, and that aggravated battery is not a

1

"violent felony" within the meaning of § 924(e).

Ordinarily, a prisoner seeking to attack his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003). Relief under § 2241 is available only when a motion under § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255(e). This is so only if "a structural problem in § 2255 forecloses even one round of effective collateral review" and "the claim being foreclosed is one of actual innocence." Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002).

There is no question that petitioner asserts a claim of "actual innocence." Although he is not claiming innocence for his crimes, he contends that he was sentenced for being an armed career offender under § 924(e), "a status . . . that [was] not made criminal by the statut[e] under which [he was] sentenced." Under In re Davenport, 147 F.3d 605, 609-10 (7th Cir. 1998), such a challenge is considered a claim of actual innocence because it is a challenge "to the fundamental legality of [his] sentenc[e]." In other words, petitioner is claiming "innocence" of his status as an armed career offender, which is enough under Davenport. Id.

However, petitioner cannot show that relief was foreclosed under § 2255. Petitioner focuses on the fact that, in United States v. Evans, 576 F.3d 766, 768-69 (7th Cir. 2009), the Court of Appeals for the Seventh Circuit ruled for the first time that convictions for

2

aggravated battery under Illinois's aggravated battery statute are not crimes of violence because the statute embraces both non-violent "offensive" battery and violent "forcible" battery. However, the fact that courts had not addressed the particular statute used to determine petitioner's career offender status does not mean that § 2255 was "foreclosed" to petitioner. He did not attempt to challenge his status as an armed career criminal offender, either on appeal or in a § 2255 motion, so it is hard to say whether he could have been the one to bring Illinois's aggravated battery statute to the court's attention.

Petitioner gets a little closer when he argues that Shepard v. United States, 544 U.S. 13 (2005), created a change in the law. In Shepard, the Supreme Court explained that courts must use a "categorical approach" when determining whether prior convictions are "violent felonies" under the Armed Career Criminal Act, which means that a court must look only to the fact of conviction and the statutory definition of the prior offense, not to the particular facts underlying the prior conviction. The suggestion would be that, before Shepard, including when petitioner was convicted, courts would look to the facts underlying the conviction, in which case petitioner might not have had a chance to prevail under § 2255 (assuming petitioner's underlying actions were violent).

The problem is that Shepard was not creating the "categorical approach"; the rule had been established in Taylor v. United States, 495 U.S. 575, 602 (1990). That case came out well before petitioner was sentenced, so there is no basis for finding that petitioner could not

3

have challenged the "categorical approach" of the Illinois aggravated battery statute under § 2255.

This distinguishes petitioner's case from Sperberg v. Marberry, 08-cv-610-bbc, slip op., dkt. #7, 2008 WL 5061493, at *1 (W.D. Wis. November 20, 2008), a recent case in which I concluded that the petitioner's challenge to his status as an armed career offender may have been foreclosed under § 2255.  In that case, I noted that the petitioner was relying on a new rule of law, Begay v. United States, 553 U.S. 137 (2008), in which the Supreme Court held that New Mexico's felony drunk driving statute was not a "violent felony" under 18 U.S.C. § 924(e).  In Sperberg, 2008 WL 5061493, at *1, the court of appeals had rejected the argument that drunk driving was not a violent felony when the petitioner argued that point on appeal and petitioner could not have benefited from Begay on direct appeal or in his § 2255 motion (in 2005) because the Court did not decide Begay until 2008."  In contrast, in this case the law was not against petitioner when he was sentenced.  He could have made the argument that because Illinois's aggravated battery statute took a categorical approach to the crime, a prior aggravated battery under Illinois law could not be treated as a violent felony, but he did not.  Now that someone else has, and has prevailed, he wants to benefit from the result.

Unfortunately, that is not how § 2241 works.  Even if it might seem unfair that petitioner could have received a better sentence, he may not challenge that sentence under

4

§ 2241 unless § 2255 had been foreclosed to him. Because it was not, petitioner's action must be dismissed under 28 U.S.C. § 2255(e).

## ORDER

IT IS ORDERED that the action is DISMISSED under 28 U.S.C. § 2255(e) because petitioner has not shown that he is authorized to apply for relief under 28 U.S.C. § 2241.

Entered this 9th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge